REGLING, by Guardian *ad litem,* Respondent, vs. SCHULTZ and wife, Appellants.

*September 8—October 6, 1953.*

For the appellants there was a brief and oral argument by *Jack J. Schumacher* of Shawano.

For the respondent there was a brief by *Lehner & Lehner* of Oconto Falls, and *Kaftan, Kaftan & Kaftan* of Green

Bay, and oral argument by *J. Robert Kaftan* and *Arthur Kaftan*.

BROWN, J.   Much of defendants' argument on the appeal concerns the proceedings had in the first action which was dismissed without prejudice by Judge DUQUAINE. No appeal was taken from the order of dismissal nor any other order in that action. The record made then was introduced in evidence in the second action and now forms a part of the bill of exceptions in the appeal from Judge GOODLAND's judgment, but its physical presence in this court does not give us jurisdiction to review Judge DUQUAINE's orders in the absence of a timely appeal from them.

The appellants' brief and appendix flagrantly disregard the requirements concerning their preparation, as expressed in ch. II of Rules of Practice in this court. The record is 859 pages long and appellants list 18 questions for our consideration but they have neglected to print the orders or abstract the proceedings to which they take exception. Statements of fact made in the brief do not refer to the page of the appendix where such matter may be found. Search of the appendix fails to disclose many of such alleged facts and it became necessary for respondent to prepare a voluminous supplemental appendix to repair appellants' omissions.

The only appeal before us is that in the action commenced by the guardian *ad litem*. Appellants complain of the rulings of Judge ARPS and Judge GOODLAND on numerous preliminary procedural points. We have examined the record in these respects and conclude that if any of the objections had technical merit, rulings adverse to appellants were not prejudicial. In the trial proper before Judge GOODLAND, appellants' objections to the admission of medical testimony concerning Regling's physical and mental condition were properly overruled, since respondent in person and by his guardian *ad litem* waived the privilege.

On the merits, as disclosed by the entire record, we think it would have been impossible for a conscientious trial judge to have found that the deed was not procured by the undue influence of appellants exercised upon a person peculiarly susceptible to be so influenced. A more detailed statement is considered unnecessary. The judgment is affirmed.

*By the Court.*—Judgment affirmed. Because of appellants' failure to observe the rules of this court in the preparation of their brief and appendix, the clerk is instructed to tax $25 additional costs, in accordance with Rule 10. This failure required an unusually lengthy brief and supplemental appendix by respondent, who has applied pursuant to Rule 10, for the costs of printing his brief exceeding 50 pages. Such costs are granted.